UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eric Joshua Turner,  )  <br> ) <br> Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> United States of America,  ) <br> ) <br> Respondent.  ) <br> ) | Cr. No.: 6:05-00520-GRA-1 <br><br> **ORDER** <br> (Written Opinion) |

Petitioner, Eric Joshua Turner, is a state inmate currently housed at Tyger River Correctional Institution in Enoree, South Carolina. This matter comes before the Court on Petitioner's Motion to Reconsider Sentence. For the reasons stated below, Petitioner's motion is DENIED.

## Background

On March 28, 2006, this Court sentenced Petitioner to ninety months imprisonment and five years of supervised release. ECF No. 21. The Court ordered Petitioner's federal sentence to run concurrent to his state sentence, and it designated a South Carolina Department of Corrections' facility as the incarceration location for Petitioner's federal term of imprisonment. *Id.* Petitioner has now completed his ninety month federal sentence, but he remains in state custody pending completion of his state sentence. On October 29 2015, Petitioner filed a motion asking this Court to reconsider his sentence, "or in the alternative have [his] Federal Probation ran concurrent with [his] State sentence." ECF No. 25.

## Standard of Review

Petitioner brings this motion *pro se*. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

The precise nature of Petitioner's request is difficult to glean from his motion. Apparently, South Carolina authorities will require Petitioner to serve two years in a state community supervision program after his release from the South Carolina Department of Corrections, and he would like for his federal term of supervised release to run concurrent to his state sentence so he can "serve the community supervision program . . . and be released." ECF No. 25. Thus, liberally construed, it appears Petitioner requests this Court either: 1) reduce his five-year term of federal supervised release to a two-year term that will directly coincide with his supervised state term; or 2) allow him to commence his five-year federal supervised release term while still incarcerated in the South Carolina Department of Corrections so that his five-year supervised federal term will expire at the same time as his two-year

supervised state term. Petitioner does not cite any legal grounds to support his request.

In addressing Petitioner's motion, the most logical starting point is the statute governing supervised release, which explains in relevant part:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e).

Additionally, it is helpful to consider the purposes of supervised release. "Congress designed supervised release as the successor to parole in the federal criminal system, because it believed that the parole system provided inadequate supervision." *United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999); *see also Johnson v. United States*, 529 U.S. 694, 696–97 (2000). Importantly, the supervised release system "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Buchanan*, 638 F.3d 448, 451 (4th Cir. 2011) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)) (internal quotation marks omitted). "The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to

liberty, and Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." *Id.* (citations omitted) (internal quotations marks omitted).

With these concepts in mind, it is clear Petitioner's motion must be denied. Petitioner's request to commence his federal supervised release term while still incarcerated in the South Carolina Department of Corrections is in contention with the plain language of the statutory text governing supervised release. Moreover, granting the request would not serve the purposes of the supervised release program. *See Tobey v. United States*, 794 F.Supp. 2d 594, 599–600 (D. Md. 2011) ("It is hard to imagine how the purpose of helping prisoners 'transition' could be served where supervised release begins and ends before the offender even reenters the community."). Similarly, reducing Petitioner's sentence to a two-year supervised release term would contravene congressional efforts to ease the transition from prison life to the community, and it would thwart Congress' intent to rehabilitate offenders through full service of supervised release terms.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reconsider Sentence is DENIED.

**IT IS SO ORDERED.**

*[signature]*
G. Ross Anderson, Jr.
Senior United States District Judge

November 24, 2015
Anderson, South Carolina